Yitai Hu (SBN 248085)
(yitai.hu@alston.com)
Tsai-Yu (April) Chen (SBN 264523,
*C.D. Cal. admission pending*)
(april.chen@alston.com)
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:     650-838-2000
Facsimile:     650-838-2001

Ryan W. Koppelman (*pro hac pending*)
(ryan.koppelman@alston.com)
**ALSTON & BIRD LLP**
1201 W. Peachtree Street
Atlanta, GA 30309 -3424
Telephone:     404-881-7000
Facsimile:     404-881-7777

Attorneys for Defendant
KaiJet Technology International
Limited

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Action Star Enterprise, Co., Ltd.<br><br>Plaintiff,<br><br>v.<br><br>KaiJet Technology International, Limited, and DOES 1 to 10,<br><br>Defendants. | Case No. 2:12-CV-08074-ABC (MRW)<br><br>**Defendant KaiJet Technology International, Limited's Answer to Action Star Enterprise, Co., Ltd.'s First Amended Complaint for Patent Infringement and Counterclaims**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Honorable Audrey B. Collins |

Defendant KaiJet Technology International Limited ("KaiJet" or "Defendant"), by and through its attorneys, responds to the First Amended Complaint for Patent Infringement ("First Amended Complaint") filed by Plaintiff Action Star Enterprise, Co., Ltd. ("Action Star" or "Plaintiff") as follows:

## JURISDICTION AND VENUE

1. KaiJet admits that the First Amended Complaint alleges infringement under the United States patent laws and that this Court has subject matter jurisdiction. KaiJet denies the remaining allegations set forth in Paragraph 1 of the First Amended Complaint.

2. KaiJet denies that venue is proper in the Central District of California as set forth in Paragraph 2 of the First Amended Complaint.

## GENERAL ALLEGATIONS

3. KaiJet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the First Amended Complaint and, therefore, denies the same.

4. KaiJet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the First Amended Complaint and, therefore, denies the same.

5. KaiJet admits that, upon information and belief, that the United States Patent No. 8,099,535 ("the '535 Patent") filed on August 20, 2009 and issued on January 17, 2012, and is entitled "Method for Converting a KVM System." KaiJet admits that Exhibit A attached to the First Amended Complaint appears to be a copy of the '535 Patent. KaiJet is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of the First Amended Complaint and, therefore, denies the same.

6. KaiJet admits that KaiJet Technology International Limited, dba "KaiJet" and "J5 Create," is a corporation organized under the laws Georgia, with a principal place of business at 1000 Cobb International Drive, Suite F, Kennesaw, Georgia

30152.

7. KaiJet admits that KaiJet markets computer related products, including computer peripherals. As to the remainder of the allegations stated in Paragraph 7 of the First Amended Complaint, the allegations are vague and ambiguous and, on that basis, KaiJet denies the same.

8. KaiJet admits that its products are sold in California. As to the remainder of the allegations stated in Paragraph 8 of the First Amended Complaint, the allegations are vague and ambiguous and, on that basis, KaiJet denies the same.

9. KaiJet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the First Amended Complaint and, therefore, denies the same.

10. KaiJet denies the allegations set forth in Paragraph 10 of the First Amended Complaint.

11. Plaintiff's counsel sent KaiJet a letter. KaiJet denies the remaining allegations set forth in Paragraph 11 of the First Amended Complaint.

12. KaiJet is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the First Amended Complaint and, therefore, denies the same.

## COUNT ONE: PATENT INFRINGEMENT

13. KaiJet incorporates by reference its Answers set forth in Paragraphs 1 through 12.

14. KaiJet admits that Wormhole Switches with model numbers JUC 100, JUC 200 and JUC 400 are KaiJet products. KaiJet denies the remaining allegations set forth in Paragraph 14 of the First Amended Complaint.

15. KaiJet denies the allegations set forth in Paragraph 15 of the First Amended Complaint.

16. KaiJet denies the allegations set forth in Paragraph 16 of the First Amended Complaint.

17. KaiJet denies the allegations set forth in Paragraph 17 of the First Amended Complaint.

18. KaiJet denies the allegations set forth in Paragraph 18 of the First Amended Complaint.

19. KaiJet denies the allegations set forth in Paragraph 19 of the First Amended Complaint.

20. KaiJet denies the allegations set forth in Paragraph 20 of the First Amended Complaint.

21. KaiJet denies the allegations set forth in Paragraph 21 of the First Amended Complaint.

## PRAYER FOR RELIEF

KaiJet denies that Action Star is entitled to any of the relief requested in Paragraphs 1 through 5 or any other relief.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil procedure 8(c), KaiJet, without waiver, limitation or prejudice, asserts the following defenses. KaiJet specifically reserves its right to allege additional defenses that become known throughout the course of litigation.

## FIRST AFFIRMATIVE DEFENSE

1. This First Amended Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. This Court lacks personal jurisdiction over KaiJet.

## THIRD AFFIRMATIVE DEFENSE

3. KaiJet does not directly or indirectly infringe, contribute to infringement, or induce infringement of any valid and enforceable claim of the '535 Patent, either literally or under the doctrine of equivalents.

///

## FOURTH AFFIRMATIVE DEFENSE

4. One or more of the asserted claims of the '535 Patent are invalid for failure to satisfy one or more of the requirements and/or conditions for patentability, including without limitations those set forth in Title 35 of the United States Code, including, inter alia, Sections 101, 102, 103, and 112. These allegations are made on information and belief, and KaiJet reserves the right to alter, amend, or supplement this affirmative defense as litigation proceeds.

## FIFTH AFFIRMATIVE DEFENSE

5. The '535 patent is void and unenforceable based on the equitable doctrine of unclean hands. The allegations set forth herein are made on information and belief and are subject to the discovery of additional evidence.

## SIXTH AFFIRMATIVE DEFENSE

6. Action Star's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, license and/or implied license. The allegations set forth herein are made on information and belief and are subject to the discovery of additional evidence.

## SEVENTH AFFIRMATIVE DEFENSE

7. Action Star's claims for relief are barred in whole or in part by a failure to provide adequate notice under 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE

8. Action Star's claims for contributory infringement are barred, in whole or in part, under 35 U.S.C. § 271(c) in view of the substantial non-infringing use of the allegedly accused products.

## NINTH AFFIRMATIVE DEFENSE

9. Action Star's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to KaiJet by any entity or entities having express or implied licenses to the patent-in-suit and/or (ii) under the doctrine of patent

exhaustion.

## KAIJET'S COUNTERCLAIMS

KaiJet hereby asserts the following counterclaims against Action Star:

## THE PARTIES

1. KaiJet Technology International Limited, dba "KaiJet" and "J5 Create," is a corporation organized under the laws Georgia, with a principal place of business at 1000 Cobb International Drive, Suite F, Kennesaw, Georgia 30152.

2. According to the allegations in the First Amended Complaint, Action Star is a Taiwanese corporation with its principle place of business in Taipei, Taiwan.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over these Counterclaims pursuant to, without limitation, 28 U.S.C. §§ 1331, 1337, 1338(a), 2201, and 2202.

4. To the extent venue is proper in this judicial district for the resolution of Action Star's claims, venue is proper with respect to KaiJet's Counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

5. In its First Amended Complaint, Action Star purports to be the owner of all rights, title, and interest in United States Patent No. 8,099,535 ("the '535 Patent"), and asserts that KaiJet has infringed the '535 Patent.

6. An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between Action Star and KaiJet with respect to the infringement, validity, and enforceability of the '535 Patent.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '535 Patent)**

7. KaiJet incorporates the averments of Paragraphs 1 through 21 of its Answers and Affirmative Defenses and Paragraphs 1 through 6 of these Counterclaims, as though fully set forth herein.

8. KaiJet has not infringed and does not infringe, directly or indirectly, any

valid and enforceable claim of the '535 Patent under any theory of infringement.

9. An actual case or controversy exists between KaiJet and Action Star regarding KaiJet's non-infringement of the '535 patent.

10. Pursuant to 28 U.S.C. § 2201, a judicial declaration that KaiJet has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '535 patent, either literally or under the doctrine of equivalents, is necessary and appropriate so that KaiJet may ascertain its rights regarding the '535 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '535 Patent)

11. KaiJet incorporates the averments of Paragraphs 1 through 21 of its Answers and Affirmative Defenses and Paragraphs 1 through 10 of these Counterclaims, as though fully set forth herein.

12. An actual case or controversy exists between KaiJet and Action Star regarding the invalidity of the '535 Patent.

13. The claims of the '535 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

14. Pursuant to 28 U.S.C. § 2201, a judicial declaration that the claims of the '535 patent is invalid is necessary and appropriate so that KaiJet may ascertain its rights regarding the '535 Patent.

## PRAYER FOR RELIEF

WHEREFORE, KaiJet requests that the Court enter judgment in its favor and grant relief as follows:

    a. A judgment in favor of KaiJet denying Action Star all relief requested in its First Amended Complaint in this action and dismissing Action Star's First Amended Complaint against KaiJet with prejudice;

    b. That Action Star take nothing by way of its complaint;

    c. A judgment in favor of KaiJet on all of its Counterclaims;

1   d.  A declaration that KaiJet has not infringed, contributed to the infringement of, or induced others to infringe, any valid claim of the '535 Patent;

   e.  A declaration that the claims of the '535 Patent is not valid;

   f.  That this be designated an exceptional case and an order awarding KaiJet its fees and costs; and

   g.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, KaiJet demands a jury trial of all issues that may be tried to a jury.

Dated:  December 20, 2012        Respectfully submitted,

ALSTON + BIRD LLP

By:  /s/Yitai Hu
     Yitai Hu (SBN 248085)
     (yitai.hu@alston.com)
     Tsai-Yu (April) Chen (SBN 264523, C.D. Cal. admission pending) (april.chen@alston.com)
     **ALSTON & BIRD LLP**
     275 Middlefield Road, Suite 150
     Menlo Park, CA 94025-4008
     Telephone:   650-838-2000
     Facsimile:   650-838-2001

     Ryan W. Koppelman (*pro hac pending*)
     (ryan.koppelman@alston.com)
     **ALSTON & BIRD LLP**
     1201 W. Peachtree Street
     Atlanta, GA 30309-3424
     Telephone:   404-881-7000
     Facsimile:   404-881-7777

     *Attorneys for Defendant*
     *KaiJet Technology International Limited*