LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 12-08074 BRO (MRWx)** | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES [91]**

In the instant motion, Defendant Kaijet Technology International seeks to recover some of the attorneys' fees it incurred in defending against this lawsuit brought by Plaintiff Action Star Enterprises. First, Kaijet contends that it is entitled to recover attorneys' fees pursuant to 35 U.S.C. § 285 because the facts of the instant case are so "exceptional" as to warrant an award of fees. *See* 35 U.S.C. § 285. Second, Kaijet contends that it is entitled to recover fees and costs pursuant to 28 U.S.C. § 1927 because Action Star's counsel unreasonably prolonged and multiplied the proceedings in bad faith. *See* 28 U.S.C. § 1927. In total, Kaijet asks the Court to award $470,057.65.

After reviewing the parties' arguments and exhibits, the Court agrees that Kaijet is entitled to an award of attorneys' fees pursuant 35 U.S.C. § 285, due to the "exceptional" nature of the instant case. The Court, however, finds that Kaijet has not demonstrated that Action Star's counsel acted in bad faith. Accordingly, the Court denies Kaijet's request to assess the fee award against Action Star's counsel, personally, pursuant to 28 U.S.C. § 1927.

For these reasons, Defendant's motion is GRANTED in part and DENIED in part.[1]

---

[1] After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

## I.  BACKGROUND

Before filing its complaint, Action Star dispatched a series of cease and desist letters to both Kaijet and Kaijet's customers, warning them of Kaijet's alleged patent-infringing products.  (Koppelman Decl. Exs. B, D.)[2]  In response, Kaijet asked Action Star to stop harassing Kaijet's customers.  (Koppelman Decl. Ex. F.)  After Action Star filed its complaint, Kaijet again wrote to Action Star to notify it of possible Rule 11 sanctions and to ask it to withdraw its complaint.  (Koppelman Decl. Exs. G, H.)  Action Star refused to withdraw its complaint and confirmed its infringement theories.  (Koppelman Decl. Ex. I.)  Kaijet filed its Motion for Rule 11 Sanctions, which the Court denied without prejudice on February 28, 2013.  (Dkt. Nos. 15, 27.)

After discovery opened, Action Star served its initial disclosures on March 29, 2013, and listed only one witness and one entity as likely to have discoverable information: Ching-Wei Cheng ("Mr. Cheng"), the inventor of the patent at issue ("535 Patent"); and Ours Technology Inc. ("OTI"), one of Kaijet's suppliers.  (Koppelman Decl. Ex. J, at 2.)

On July 18, 2013, Kaijet served interrogatories and requests for production seeking all facts and support for Action Star's contention that Kaijet infringes the 535 Patent.  (Koppelman Decl. Exs. K, L.)  Kaijet served additional requests for production on November 5, 2013, requesting "all documents and things" relating to Action Star's infringement claim.  (Koppelman Decl. Ex. M, at 10–12.)  Action Star's response did not contain any evidence of direct or indirect infringement.  (Koppelman Decl. Exs. P, Q.)  On December 4, 2013, Kaijet's counsel notified Action Star of the discovery response's deficiencies in a meet-and-confer letter.  (Koppelman Decl. ¶ 21.)  On December 7, 2013, Action Star's counsel responded, stating that information on direct infringement was actually in Kaijet's control and that Action Star had no further responsive information to provide.  (Koppelman Decl. Ex. S.)

Action Star formally engaged technical expert Dr. Don Barker ("Barker") in late 2013 and early 2014, who opined that the Enabled Usage in Kaijet's accused products

---

[2] Mr. Koppelman's declaration is located at Docket No. 105, but the exhibits to his declaration are located at Docket Nos. 91-2–91-29.  The appendices to his declaration are located at Docket Nos. 105-1–105-2.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

fell within the 535 Patent claim. (Jeff Lee Decl. ¶ 25.) Action Star did not seek any discovery from Kaijet regarding how Kaijet's customers used the accused products or how Kaijet might test its products. (Koppelman Decl. ¶ 14.) It never noticed a single deposition of Kaijet and never issued a subpoena. (Koppelman Decl. ¶ 14.) Instead, Action Star believed it did not need to conduct any depositions because it was planning to rely solely on the Barker report and testimony at trial to prove infringement. (Jeff Lee Decl. ¶ 27.) Nevertheless, Action Star did not timely proffer the Barker report before the discovery period's closing date on December 5, 2013, so the Court did not admit the report. (Jeff Lee Decl. ¶ 30.)

Kaijet filed its summary judgment motion on February 14, 2014. (Dkt. No. 48.) Action Star admitted to the several facts in its opposition to Kaijet's Motion for Summary Judgment:

> Action Star's infringement contentions do not cite any evidence to show actual performance of the claimed method by anyone. (Undisputed Fact No. 12.)

> In response to [Kaijet's] discovery request, Action Star did not produce evidence of anyone ever performing the claimed method. (Undisputed Fact No. 26.)

> Action Star's infringement contentions contain no mention of induced or contributory infringement, let alone identification of any facts that establish the requirements for those claims. (Undisputed Fact No. 33.)

In its opposition to Kaijet's Motion for Summary Judgment, Action Star relied on the Declaration of Ching-Wei Cheng. (Dkt. No. 56-7.) Mr. Cheng's declaration contained various facts purporting to support Action Star's infringement claim, which included a reference to some Youtube videos that showed the operation of Kaijet's accused products. Mr. Cheng became aware of these Youtube videos in mid-2012. (Dkt. No. 56-7, ¶¶ 9–10.)

Action Star also relied on the Declaration of Andy Lee in its opposition. (Dkt. No. 56-6.) Although Andy Lee sent out cease and desist letters on behalf of Action Star and attended the October 2013 mediation, Action Star never disclosed the existence or relevance of Andy Lee in its initial disclosures. (Jeff Lee Decl. ¶ 29.) Andy Lee's

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

declaration also referred to the Youtube videos mentioned in Mr. Cheng's declaration. (Dkt. No. 56-6, ¶¶ 4–5.)  Andy Lee became aware of these Youtube videos "[a]t least by early 2013. . . ."  (Dkt. No. 56-6, ¶ 4.)

Action Star's counsel believes that these Youtube videos were not passed to him "because of the lack of communication between counsel and client . . . ." (Jeff Lee Decl. ¶ 49.)  Action Star showed its counsel the Youtube videos in late February or early March 2014.  (Jeff Lee Decl. ¶ 50.)  Action Star's counsel claims that he only used the Youtube video "as a 'defensive' use for the purpose of supporting Action Star's opposition in the [Motion for Summary Judgment]."  (Jeff Lee Decl. ¶ 51.)

Action Star and Kaijet met and conferred on February 7, 2014, before Kaijet filed its summary judgment motion.  Action Star refused to concede the issue of direct infringement at this meet and confer.  (Koppelman Decl. ¶ 25.)  On March 10, 2014, after Kaijet had filed its summary judgment motion, Action Star informed Kaijet that Action Star would be dropping the direct infringement claim and will only be "pursuing indirect infringement liability against Kaijet . . . ."  (Dkt. No. 56, ¶ 5.)  Action Star also withdrew its claim for damages on March 21, 2014.  (Dkt. No. 63, at 7.)  In Action Star's Response to Kaijet's Evidentiary Objection, Action Star stated that it "is not making damages claims in this action."  (Dkt. No. 63, at 7.)

## II.   LEGAL STANDARD

### A.  28 U.S.C. § 1927

Aside from holding a party liable for a prevailing party's attorneys' fees, an attorney may be ordered to compensate the prevailing party if the attorney "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  In such a case, the attorney may be ordered to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *Id.*

"[R]egional circuit law controls the analysis of whether to impose Section 1927 sanctions against a party in a patent infringement case."  *Int'l Intellectual Mgmt. Corp. v. Lee Yunn Enterprises, Inc. (U.S.A.)*, 2009 WL 9137315, at *4 (C.D. Cal. Dec. 14, 2009) (citing *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

"In the Ninth Circuit, fees may be awarded under Section 1927 on a showing of subjective bad faith, which may be met where counsel 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Id.* (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002)). An award under Section 1927 is not precluded merely because there is "some merit in counsels' actions." *Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 727 (9th Cir. 1984). "While the presence of merit in a claim or defense may well negate any notion of bad faith in its filing, it certainly cannot justify abuse of the judicial process in the methodology of its prosecution." *Id.* The Court has the discretion to exercise sanctions under Section 1927. *Id.* "The district court's authority to sanction attorneys under § 1927 . . . must be exercised with restraint and discretion." *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010).

### B. 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. On April 29, 2014, the Supreme Court lowered the standard for determining whether attorneys' fees are appropriate under 35 U.S.C. § 285. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.
>
> . . . .
>
> . . . Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one.

*Id.* at 1756, 1758 (footnote omitted).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

The Supreme Court also noted that "a district court may award [attorney] fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757.

## III. DISCUSSION

Kaijet argues that the totality of circumstances should compel the Court to award attorneys' fees under 28 U.S.C. § 1927 and 35 U.S.C. § 285 because (1) Action Star unreasonably prolonged this case when it had no reasonable factual or legal basis to maintain its claims; (2) Action Star manipulated this litigation for the improper purpose of harassing and harming Kaijet's business; and (3) Action Star failed to prosecute its case, stonewalled Kaijet's attempt to obtain discoverable information, withheld discoverable information, and misled Kaijet regarding the existence of discoverable information. The Court will examine each argument in turn.

### A. Sanctions Under 28 U.S.C. § 1927

As explained above, in certain circumstances, 28 U.S.C. § 1927 gives a court discretion to require counsel to satisfy the opposing party's attorneys' fees: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Importantly, sanctions under this section "must be supported by a finding of subjective bad faith." *See New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). An attorney acts in bad faith when it "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted); *accord West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). "[I]n the contexts of § 1927, frivolousness should be understood as referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010).

Upon reviewing the parties' arguments and supporting exhibits, the Court finds that Action Star's counsel recklessly asserted an indirect infringement claim unsupported

Case 2:12-cv-08074-BRO-MRW   Document 108   Filed 07/07/14   Page 7 of 13   Page ID #:2806

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

by any evidence of direct infringement.[3] Action Star's reckless claim, however, was not frivolous. First, the ultimate result of the case was not obvious to Action Star's counsel because he formed a good-faith (albeit incorrect) belief that he had sufficient evidence to establish indirect patent infringement.[4] (Jeff Lee Decl. ¶¶ 21–30.) Second, the arguments advanced were not wholly without merit, considering that Action Star obtained an expert who opined that Kaijet's Enabled Usage falls within Action Star's 535 Patent. (Jeff Lee Decl. ¶ 25.) Furthermore, responses from other accused party's counsel supported Action Star's belief in the validity of its infringement claim.[5] (Jeff Lee Decl. ¶¶ 40–43.) "[R]eckless nonfrivolous filings, without more, may not be sanctioned." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

Action Star also did not argue a meritorious claim for the purpose of harassing Kaijet. The record contains no concrete evidence that Action Star brought this action to harass Kaijet. *See Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 861 (9th Cir. 1986) (denying Section 1927 sanctions in part because the record contained no evidence that the motion was a tactic to harass the defendant). Action Star's counsel conducted prefiling investigations and formed a good-faith belief that it had a valid infringement claim. (Jeff Lee Decl. ¶¶ 7–32.) Action Star made no attempt to extort money from Kaijet, never offered a settlement demand to obtain a nuisance settlement, nor did it coerce Kaijet to settle under the threat of protracted litigation.

---

[3] Action Star's counsel incorrectly assumed that he had sufficient evidence to establish patent infringement. (Jeff Lee Decl. ¶¶ 21–30.) Diligent research expected of all lawyers would have revealed the true standard for indirect infringement to Action Star. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1329 (Fed. Cir. 2010) (explaining that indirect infringement must be based on evidence of direct infringement, which must be proved by evidence of "specific instances of direct infringement"); *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) ("Hypothetical instances of direct infringement are insufficient to establish . . . indirect infringement."). Additionally, Kaijet's email to Action Star's counsel on February 7, 2014 put Action Star on notice of the standard for indirect infringement. (Koppelman Decl. Ex T, at 1.)

[4] Counsel for Action Star believed that he only needed the expert report and testimony of Dr. Don Barker to prove patent infringement to the jury. (Jeff Lee Decl. ¶¶ 26–27.) The Court, however, excluded the report due to its untimeliness. (Jeff Lee Decl. ¶ 30.)

[5] Counsel of Fry's Electronics and counsel of Jo-Dan International agreed not to continue selling the accused products. (Jeff Lee Decl. ¶ 41.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

Additionally, "[b]ecause [§ 1927] authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun. . . . § 1927 cannot be applied to an initial pleading." *See* 28 U.S.C. § 1927; *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). In the instant case, Action Star did not multiply the proceedings with its amended complaint. Action Star's amended complaint only withdrew the unfair competition claim asserted in the original complaint. (Dkt. Nos. 1, 8); (Opp'n to Mot. for Attorney Fees, at 22.) "Courts have sanctioned parties under § 1927 for filing amended complaints, but generally in situations in which the court had previously dismissed claims that were subsequently repled without material alteration." *Torres v. City of Madera*, 2006 WL 3257491, at *9 (E.D. Cal. Nov. 9, 2006) (citing *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990)) (denying sanctions under § 1927 because the plaintiff's amended complaint did not include causes of action previously dismissed by the court). Action Star's amended complaint most likely helped to curtail the litigation.

Due to the foregoing reasons, sanctions under 28 U.S.C. § 1927 are DENIED.

### B. Sanctions Under 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court recently lowered the standard for awarding attorneys' fees under Section 285. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755–56 (2014). In determining whether an award under Section 285 is appropriate, courts now must simply determine if the case is "exceptional." *See id.* "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Awards under Section 285 no longer require a finding of bad faith. *Cf. Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (imposing sanctions under Section 285 only if "the litigation is brought in subjective bad faith" and "the litigation is objectively baseless") *abrogated by Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1751.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | | Date | July 7, 2014 |
|---|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | | |

    Here, the totality of circumstances suggests that Action Star litigated the instant case in an unreasonable manner. On July 18, 2013, Kaijet served interrogatories and requests for production seeking all facts and support for Action Star's contention that Kaijet infringes the 535 Patent. (Koppelman Decl. Exs. K, L.) Kaijet served additional requests for production on November 5, 2013, requesting "all documents and things" relating to Action Star's infringement claim. (Koppelman Decl. Ex. M, at 10–12.) Action Star's response did not contain any evidence of direct or indirect infringement. (Koppelman Decl. Exs. P, Q.) On December 4, 2013, Kaijet's counsel notified Action Star of the discovery response's deficiencies in a meet and confer letter. (Koppelman Decl. ¶ 21.) Three days later, Action Star's counsel responded stating that information on direct infringement was actually in Kaijet's control and that Action Star had "*no further responsive information to provide*." (Koppelman Decl. Ex. S) (emphasis added). Action Star disproved this representation three months later when it produced the Youtube video print-outs and the Andy Lee's declaration in opposition to Kaijet's motion for summary judgment.

    Counsel for Action Star states that he did not inform Kaijet of the existence of the Youtube videos due to a "lack of communication between counsel and client." (Jeff Lee Decl. ¶ 49.) This lack of communication, however, does not excuse Action Star from its discovery obligations. *See PeerMusic, III, Ltd. v. LiveUniverse, Inc.*, 2011 WL 672585, at *9 (C.D. Cal. Jan. 26, 2011) (explaining that sanctions are appropriate when a party fails to produce relevant documents during discovery); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 212 F.R.D. 178, 221–23 (S.D.N.Y. 2003) (sanctioning counsel for representing that all responsive documents had been produced without "any real reflection or concern" for their discovery obligations and noting the "complete disconnect between counsel . . . and [client]"). Action Star never supplemented its discovery responses, as it was required to do under the Federal Rules, even though Action Star knew of the Youtube videos almost a year before the close of discovery.[6] *See* Fed. R. Civ. P. 26(e); (Dkt. No. 56-6, ¶ 4.) "Parties are entitled to rely on the accuracy and completeness of the discovery produced, and they are bound by a duty to supplement or correct disclosures when additional, material evidence is

---

[6] Andy Lee, employee of Action Star, became aware of the Youtube videos "at least by early 2013." (Dkt. No. 56-6, ¶ 4.) Ching-Wei Cheng, inventor of the 535 Patent, became aware of the Youtube videos "around mid-year 2012." (Dkt. No. 56-7, ¶ 9.)

Case 2:12-cv-08074-BRO-MRW Document 108 Filed 07/07/14 Page 10 of 13 Page ID #:2809

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

available." *Coleman v. Hartford Life Ins. Co.*, 432 F. Supp. 2d 1030, 1033 (C.D. Cal. 2006). Action Star had access to these Youtube videos since before Action Star even filed the instant case, failed to produce the Youtube videos in response to discovery requests calling for the production of all documents and things supporting Action Star's infringement contentions, represented to Kaijet's counsel that no such evidence existed, and tendered them for the first time in opposition to Kaijet's Motion for Summary Judgment.

Notably, counsel for Action Star does not specify what reasonable investigation he undertook before unqualifiedly representing to Kaijet that all responsive information had been produced. *Cf. Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL 2758571, at *20 (C.D. Cal. Sep. 18, 2007) (stating that Rule 26 requires counsel to "make a reasonable investigation and effort to certify that the client has provided all information and documents available to it which are responsive to a discovery request"). Parties have a discovery obligation to conduct a reasonable search for responsive documents from all custodians from whom the parties have a legal right to obtain documents. *See MGA Entm't, Inc. v. Nat'l Prods. Ltd.*, 2012 WL 182158, at *10–11 (C.D. Cal. Jan. 23, 2012). Where a party fails to provide information or witness, as required by Rule 26, that party is not allowed to use the information or witness to supply evidence on a motion or at a hearing. *See Lehman Bros. Holdings, Inc. v. California Fin. Grp.*, 2011 WL 4375724, at *4 (C.D. Cal. Apr. 25, 2011).

Action Star attempts to justify its use of the previously withheld Youtube video printouts by stating that it utilized the printouts only as a "defensive" use. (Jeff Lee Decl. ¶ 51.) Action Star, however, cites no authority allowing a party to use previously withheld information for "defense" in an opposition to summary judgment. Action Star also attempts to justify its use of the declaration of previously withheld witness Andy Lee by stating that it did not originally plan to rely on Andy Lee's declaration testimony. (Jeff Lee Decl. ¶ 29.) Action Star's original plan, however, is not important given that Action Star actually did rely on it in opposing summary judgment. *See Milham v. United Air Lines, Inc.*, 2001 WL 36097433, at *1–2 (C.D. Cal. May 4, 2001) (imposing sanctions for party's failure to produce relevant, requested documents and witnesses until after discovery).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

Due to the unreasonable manner in which the instant case was litigated, the Court finds the case to be "exceptional." As such, the Court GRANTS KaiJet's request for attorneys' fees under 35 U.S.C. § 285.

### C. Reasonableness of Attorneys' Fees Under 35 U.S.C. § 285

The district court assesses the amount of an award under Section 285 at its own discretion. *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). Awards under § 285 are meant to "compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (citation omitted). Thus, attorneys' fees under § 285 "include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Id.* at 757. Fees charged for the time of paralegals and other support staff are also recoverable. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989); *Tehrani v. Hamilton Med., Inc.*, 2001 U.S. Dist. LEXIS 26067, at *8 (C.D. Cal. Dec. 19, 2001) ("Under *Jenkins*, the cost of support staff is recoverable as a part of reasonable attorneys [sic] fees" under 35 U.S.C. § 285). Fees incurred in preparing and litigating the motion for attorneys' fees are likewise recoverable. *See Microstrategy Inc. v. Crystal Decisions, Inc.*, 586 F. Supp. 2d 262, 262 (D. Del. 2008) ("Awards under § 285 include 'the fee for the reasonable time expended in preparing the elaborate fee application and briefs filed herein.'"); *see also Caron v. Lifestyle Crafts, LLC*, 2013 WL 791287, at *3 (D. Ariz. Mar. 4, 2013) (awarding fees for preparation of fee motion under § 285); *Howes v. Med. Components, Inc.*, 761 F. Supp. 1193, 1200–01 (E.D. Pa. 1990) (awarding fees incurred by attorneys and paralegals in preparing the fee petition under Section 285). A reasonable award of attorneys' fees pursuant to § 285 must be supported "'by adequate findings of the basis for the award,' including consideration of 'the number of hours worked by specific attorneys.'" *Intamin, Ltd. v. Magnetar Tech. Corp.*, 2009 WL 5215393, at *1 (C.D. Cal. Dec. 28, 2009) (quoting *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 674 (Fed. Cir. 1988)).

After reviewing the attorneys' fees submitted by KaiJet (Dkt. No. 100-7), the Court reduces the requested amount to what the Court believes to be reasonable. The Court then applies the 15%, across-the-board reduction (to which KaiJet itself agrees) to the Court-edited amount, due to Kaijet's block billing and in order to compensate for any inefficiencies of litigation. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 12-08074 BRO (MRWx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

2007) ("The district court imposed an across-the-board reduction of 20 percent on Welch's requested total hours because Kantor & Kantor chose to block bill some of its time rather than itemize each task individually. The court arrived at its 20 percent reduction based on a report by the California State Bar's Committee on Mandatory Fee Arbitration, which concluded that block billing may increase time by 10% to 30%.") (internal quotation marks omitted).

| Hour Category | Dollar Amount Originally Sought by Kaijet | Dollar Amount Deducted by Court | Final Dollar Amount Awarded by Court |
|---|---|---|---|
| Responding to Action Star's Complaint | $ 5,788.50 | $ 773.50 | $ 5,015.00 |
| Procedural Filings and Hearings with Court | $ 7,080.00 | $ 6,663.50 | $ 416.50 |
| Propounding and Responding to Discovery | $ 63,508.00 | $ - | $ 63,508.00 |
| Opening Claim Construction Brief | $ 75,016.50 | $ - | $ 75,016.50 |
| Response Claim Construction Brief | $ 16,054.00 | $ 391.00 | $ 15,663.00 |
| Claim Construction Hearing | $ 33,493.50 | $ 11,338.50 | $ 22,155.00 |
| Supplemental Brief on Indefiniteness | $ 20,821.50 | $ 6,283.50 | $ 14,538.00 |
| Mediation/Settlement | $ 13,858.00 | $ 13,858.00 | $ - |
| Objection to Untimely Barker Report/Oppose Ex Parte Application to Modify Scheduling Order | $ 26,966.00 | $ - | $ 26,966.00 |
| Kaijet's Motion for Summary Judgment | $ 82,712.00 | $ 18,536.50 | $ 64,175.50 |
| Reply Brief in Support of Summary Judgment Motion | $ 50,498.00 | $ 13,486.00 | $ 37,012.00 |
| Supplemental Brief in Support of Summary Judgment Motion | $ 16,558.50 | $ 3,219.50 | $ 13,339.00 |
| Hearing on Summary Judgment Motion | $ 25,186.00 | $ 6,771.00 | $ 18,415.00 |
| Proposed Judgment and Stipulated Dismissal of Counterclaims | $ 5,042.50 | $ 1,374.50 | $ 3,668.00 |
| Kaijet Motion for Attorneys' Fees | $ 90,663.50 | $ 21,268.00 | $ 69,395.50 |
| Communications with Client/General Case Management | $ 19,762.50 | $ 19,110.50 | $ 652.00 |
| **Subtotal** | **$ 553,009.00** | **$ 123,074.00** | **$ 429,935.00** |
| **FINAL TOTAL (After 15% Reduction)** | | | **$ 365,444.75** |

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 12-08074 BRO (MRWx)** | Date | July 7, 2014 |
|---|---|---|---|
| Title | ACTION STAR ENTERPRISE v. KAIJET TECHNOLOGY INTERNATIONAL | | |

## IV.   CONCLUSION

In sum, the Court has considered sanctions under 28 U.S.C. § 1927 and 35 U.S.C. § 285 and hereby DENIES sanctions under Section 1927 and GRANTS attorneys' fees under Section 285.  Due to the unreasonable manner in which the instant case was litigated, the Court deems the circumstances of the case to be "exceptional," and therefore worthy of a fee award under § 285.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |